IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN THOMAS RILEY,

    Petitioner,

v.                                                               Criminal Action No. 3:13CV565

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

John Thomas Riley, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. (ECF No. 1.) The United States District Court for the District of South Carolina ("Sentencing Court") convicted Riley of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base. *See* Indictment at 1–2, *United States v. Riley*, No. 5:07-cr-01322-MBS-2 (D.S.C. filed Nov. 7, 2007), ECF No. 15; Judgment in a Criminal Case at 1, *United States v. Riley*, No. 5:07-cr-01322-MBS-2 (D.C.S. filed Oct. 8, 2008), ECF No. 107.) The Sentencing Court sentenced Riley to 240 months of imprisonment. Judgment in a Criminal Case at 2, *United States v. Riley*, No. 5:07-cr-01322-MBS-2 (D.C.S. filed Oct. 8, 2008), ECF No. 107. In his § 2241 Petition, Riley challenges his

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

240-month sentence. (§ 2241 Pet. 6–7.)[2] Riley contends that the Sentencing Court improperly sentenced him to an enhanced sentence under 21 U.S.C. § 851 in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[3] For the reasons set forth below, the action will be DISMISSED for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United

---

[2] The Court employs the pagination assigned to this document by the Court's CM/ECF docketing system.

[3] In *Alleyne*, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). *Alleyne*, 133 S. Ct. 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163; *see United States v. Croft*, 533 F. App'x 187, 188 (4th Cir. 2013) ("*Alleyne* did not disturb *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which authorizes a district court to apply an enhanced sentence based upon its finding of applicable prior convictions . . . ." (citing *Alleyne*, 133 S. Ct. at 2160 n.1) (parallel citations omitted)).

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Riley's 28 U.S.C. § 2241 Petition

Riley fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Riley fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of which Riley stands convicted, conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 50 grams or

more of cocaine base, remains a crime. Moreover, "Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333–34); *Sanders v. Wilson*, No. 1:13cv892 (AJT/TRJ), 2013 WL 3991469, at *3 (E.D. Va. Aug. 2, 2013) (concluding that the decision in *Alleyne* did not permit petitioner to utilize § 2241 to challenge his sentence).

Accordingly, the Court will DISMISS Riley's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

Date: 1/21/14
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge